WILEY *v.* BIRD.

(*Knoxville.* November 19, 1901.)

1. EJECTMENT. *Defeated by seven years adverse possession.*

It is a complete defense to an action in ejectment to show seven years, continuous adverse possession of the land sued for by defendant and those under whom he claims.

2. REMAINDERMAN. *Can maintain bill to remove cloud from title.*

While remaindermen cannot, during the continuance of the life estate maintain the technical action of ejectment for possession of land, still they can maintain a bill, properly framed, to remove cloud from title. And a bill for this purpose is sufficient which avers that the defendants "are setting up some sort of claims to the land which are not valid and are frauds upon the rights of complainants, and that they are entitled to have the same cancelled and declared void."

Cases cited: Dodd *v.* Benthal, 4 Heis., 608; Anderson County *v.* Hays, 99 Tenn., 543; Weaver *v.* Davidson County, 104 Tenn., 321; Aiken *v.* Suttle, 4 Lea, 109.

FROM ANDERSON.

Appeal from the Chancery Court of Anderson County. H. G. KYLE, Ch.

LUCKY, SANFORD & FOWLER for Wiley.

C. J. SAWYERS for Bird.

WILKES, J. The original bill in this cause was filed against L. Bird *et al.*, among whom was Amos Carroll.

The only controversy now before the Court is between complainants and Amos Carroll, all other controversies being eliminated. The controversy is over a large body of land, consisting of several tracts.

The Chancellor held that as to the land claimed by Amos Carroll, his title had been perfected by adverse possession, so far as it conflicted with the title of complainants, and the bill was dismissed as to him.

The Court of Chancery Appeals affirmed the decree of the Chancellor upon the grounds that the conveyance under which Amos Carroll held was not a forgery, and that Amos Carroll had maintained adverse possession under it for the statutory period to vest title in him, and the boundaries thus acquired were fixed by the Court of Chancery Appeals. Upon a petition to rehear, the Court of Chancery Appeals modified its original opinion as to the interest claimed by J. H. Vanderson and his children, who owned an undivided third interest in the disputed land. It appears that J. H. Vanderson is tenant by courtesy of this interest, and the remainder is in the children. The Court of Chancery Appeals finds as against the children the adverse possession commenced in 1882, and they were then

minors and entitled only to a remainder after the termination of their father's courtesy estate, and this being so, the statute of limitations had not run against the children because of their minority, and their right of action would not accrue until the termination of their father's life estate.

The complainants and defendants have appealed, and both assign errors.

As to the errors assigned by the complainants, except the said remaindermen, it is only necessary to say that we think they are precluded by the finding of the Court of Chancery Appeals; that Amos Carroll had held the land in dispute for more than seven years, adversely, and hence his title to the land thus held could not be disturbed. As to the said remaindermen, the Court of Chancery Appeals held that while they were not barred, because their right of action had not accrued, still their suit was premature, in as much as the tenant by courtesy was still alive, and the right to recovery by the remaindermen had not accrued. Hence the suit as to them was dismissed, but without prejudice, and they appealed from the decree of dismissal, and Amos Carroll appealed from so much of the decree as dismissed the suit without prejudice.

The Court of Chancery Appeals proceeded upon the idea that the possession as to the remaindermen was not adverse until the life estate

should fall in, and complainants, as remainder-men, could not maintain their action until the happening of that event.

If this were a pure ejectment suit alone, for the immediate recovery of the land and its possession, the decree of the Court of Chancery Appeals might be proper, but the scope and prayer of the bill is broader than that of a pure ejectment bill for present possession. The bill alleges, among other things, that the various defendants, and among them Amos Carroll, are setting up some sort of claims to the land which are not valid, and are frauds upon the rights of complainants, and that they are entitled to have the same cancelled and declared void. The rights of the remaindermen are set out in full, that is, that their father had a life estate, and they were entitled in remainder.

There is a specific prayer that complainants be declared to be the true owners of the land, and that all claims of every kind and character which may be set up by defendants and each of them be declared void and cancelled.

We are of opinion that the allegation and prayer of the bill are broad enough to warrant the Court in declaring the right of the remaindermen, and setting aside the claims of Amos Carroll, so far as they are a cloud upon their title. *Dodd* v. *Benthal,* 4 Heis., 608, 610; *Anderson Co.* v. *Hays,* 15 Pickle, 543; *Weaver* v.

*Davidson Co.,* 20 Pickle, 321; *Aiken* v. *Suttle,* 4 Lea, 109.

The decree of the Court of Chancery Appeals is modified to the extent that decree will be entered here fixing the rights of the remaindermen, Wm. Henry Vanderson and Eliza Belle, or Lida Cheney, to a one-third interest in remainder in the lands, which are shown by the decree to have been adversely held by Amos Carroll as to the other complainants, and the claims of said Amos Carroll as to said undivided third interest in said land, are extinguished and removed as a cloud upon the title in remainder of said Wm. Henry Vanderson and Lida Cheney. The cost of the cause will be divided, two-thirds to be taxed to complainants, except said Wm. Henry and Lida, who will pay no cost, and one-third to the defendant.