

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Leo Presnell
County Attorney
Upshur County
Gilmer, Texas

Dear Sir:

Opinion No. O-4358
Re: Authority of Commissioners'
Court to make lump sum appro-
priation to an office for
deputy hire and not specify
the amount to be paid each
deputy, and related question.

We have received your letter of recent date request-
ing our opinion upon the above stated question.

We quote from your letter as follows:

"Statement:

"In the minutes of the proceedings of the
Commissioners Court of Upshur County, Texas,
bearing date of January 12, 1942, is found the
following minute:

"'Motion made and seconded and carried
that deputy hire for County Clerk's office
be set at $3600. It being the intention
of the court that said amount be used to
compensate four helpers for the first six
months of the year 1942 and three helpers
for the last six months of the year.'

"Question:

"Does the Commissioners' Court have the
authority to make a lump sum appropriation to
an office for deputy hire and not specify the
amount to be paid each deputy? Does the County

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Auditor have authority to issue monthly warrants to deputies under the general terms of the above stated minute of the Commissioners' Court?"

Article 3902, Vernon's Civil Statutes, provides, in part, as follows:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amounts hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts:

". . ."

Prior to the enactment of Article 3902, supra, the county clerks determined for themselves the question of employing deputies, etc., and made contracts for their compensation. There is no language used in Article 3902 indicating

that the salaries of such deputies, assistants and clerks
may be fixed by private agreement between the county clerk
and his deputies. On the other hand, by the express pro-
vision of said article, the county clerk is required to make
application to the county commissioners' court of his county
for authority to appoint such deputies, assistants and
clerks, stating by sworn application the number needed,
the position to be filled and the amount to be paid, "and
said court shall make its order authorizing the appointment
of such deputies, assistants and clerks and fix the compen-
sation to be paid them within the limitations herein pre-
scribed and determine the number to be appointed as in
the discretion of said court may be proper."

The Supreme Court of Texas in the case of Ellis
County v. Thompson, 66 S. W. 48, has unequivocally condemned
as contrary to public policy the fixing of deputies' salaries
by private agreement. Also see Maryland Casualty Company v.
State, 107 S. W. (2nd) 865; Hausser v. Mulligan, 107 S. W.
(2d) 870.

The commissioners' court has limited jurisdiction,
and when statutory authority is given for the exercise of
certain powers and the performance of certain duties those
requirements must be strictly followed and every essential
detail performed as provided in the statute. The only au-
thority under which a commissioners' court could assist in
the appointment of the deputies named in Article 3902 is the
authority conferred therein and could be executed only in
the manner prescribed in the statute. State v. Johnson, 82
S. W. (2d) 110.

In view of the foregoing authorities, it is the
opinion of this department that your first question should
be answered in the negative.

Your second question should likewise be answered
in the negative. As already pointed out, the commissioners'
court is given full authority over the expenditure of funds
for county clerks to be paid deputy employees in the office
of county clerk within the maximum limits fixed by law. The
appointment by application to and with the consent of the
commissioners' court is only to be effected after a proper
order authorizing same is made by the commissioners' court.
As said court, under the facts related by you, did not specify

the compensation to be paid each deputy county clerk, as required by Article 3902, the order authorizing such appointment is not the proper order, and is therefore of no force and effect and the county auditor does not have the authority to issue monthly salary warrants under the terms thereof.

Trusting that the above answers your inquiries, we remain

APPROVED JAN 31, 1942

~~ASSISTANT~~
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

D. Burle Davies
Assistant

DBD:OC


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN